UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MATTHEW E. PIER                                    CIVIL ACTION

VERSUS                                              NO. 24-2598

MARCUS MEYERS                                      SECTION "P" (2)

## REPORT AND RECOMMENDATION

Petitioner Matthew Pier filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) which was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.   Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.[1]   For the following reasons, I recommend that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

## I.    FACTUAL BACKGROUND

Pier is a convicted inmate incarcerated in Raymond Laborde Correctional Center in Cottonport, Louisiana.[2]   Pier was charged in Tangipahoa Parish in a 150-count bill of information with 100 counts of possession of child pornography and 50 counts of sexual abuse of an animal.[3]   Pier initially entered a plea of not guilty to the charges.[4]   However, on November 15, 2022, Pier

---

[1] A district court may hold an evidentiary hearing only when the petitioner shows either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence (*id*. § 2254(e)(2)(A)(ii)) *and* the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.   *Id*. § 2254(e)(2)(B).

[2] ECF No. 1 at 1.

[3] ECF No. 14 at 3-21, Bill of Information, 8/15/22.   The state court record was electronically filed by the State in two volumes at ECF Nos. 14 and 14-1.

[4] ECF No. 14 at 1, Mins. Report, 8/18/22.

withdrew that plea and, pursuant to a plea agreement, entered a plea of nolo contendre to ten counts of possession of child pornography and one count of sexual abuse of an animal.[5]   As part of the agreement, the State entered nolle prosequi for 90 counts of possession of child pornography and 49 counts of sexual abuse of an animal.[6]   The court accepted Pier's plea after a colloquy that included discussion of Pier's waiver of the rights to remain silent, to trial by judge or jury, and to appeal.[7]   After waiver of statutory delays, Pier was sentenced to serve 30 years at hard labor on counts 1 through 10 on possession of child pornography and 5 years at hard labor on count 1 of sexual abuse of an animal, to run concurrently.[8]  Pier's conviction was final under federal law thirty days later, on Thursday, December 15, 2022, because he did not seek reconsideration of his sentence or move for leave to appeal.[9]

More than three months later, on March 20, 2023, Pier submitted a request to the state district court seeking copies of certain record documents.[10]  Nine months later, having received all requested documents but the plea and sentencing transcript, on January 24, 2024, Pier filed a second motion in the state district court requesting the transcript.[11]   On April 29, 2024, Pier

---

[5] *Id*. at 1-2, Mins. Report, 11/15/22; *see also* ECF No. 14-1, at 71-81, Plea Transcript, 11/15/22.

[6] ECF No. 14 at 2, Mins. Report, 11/15/22.

[7] ECF No. 14-1 at 71-81, Plea Transcript, 11/15/22.

[8] *Id*. at 81-82, Plea Transcript, 11/15/22.

[9] *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under LA. CODE CRIM. PROC. art. 914).   Louisiana law provides that a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects on appeal or on post-conviction relief. *State v. Crosby*, 338 So. 2d 584, 588 (La. 1976).   However, where grounds do exist for appeal, Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or a ruling on a timely motion to reconsider a sentence.   LA. CODE CRIM. PROC. art. 914 (as amended LA. ACTS 2003, No. 949, § 1).   Failure to move timely for appeal under art. 914 rendered the conviction and sentence final at the expiration of that period.   *State v. Counterman*, 475 So. 2d 336, 338 (La. 1985).

[10] ECF No. 14-1 at 57-58, Mot. Prod. Documents, 3/20/23, Order, 3/21/23.

[11] *Id*. at 63-65, Mot. Prod. Documents, 1/24/24, Order, 1/30/24.

submitted his first application for post-conviction relief to the state district court, asserting seven

claims:

> (1)     he was denied due process because the search warrant affidavit contained
> misleading statements and was filed in a court and approved by a judge that
> had no jurisdiction to try the offense;
>
> (2)     he was subjected to an illegal search and seizure and denied due process by
> agents acting pursuant to a search warrant approved by a judge based on
> misleading information and whom had no jurisdiction over the offense or
> property;
>
> (3)     he was denied due process when arrested by a police officer outside of their
> jurisdictional boundary;
>
> (4)     he was denied due process when the bill of information was filed into a
> court without jurisdiction to try the offense;
>
> (5)     he was denied due process when he was arrested by St. Tammany Parish
> Sheriff's Office in Tangipahoa Parish then brought back to and detained in
> St. Tammany Parish for six months;
>
> (6)     his Eighth Amendment rights were violated when he was given an excessive
> bond of $16,500,000; and
>
> (7)     ineffective assistance of counsel for counsel's failure to represent him in a
> professional manner, failure to investigate, failure to aid him in a competent
> defense, and failure to appeal.[12]

After obtaining a response from the State,[13] the state trial court denied the application on June 18,

2024, sustaining the State's procedural objections to claims one through six and denying claim

seven as meritless.[14] There is no indication in the record that Pier sought further review of the

denial.

## III.    **FEDERAL HABEAS PETITION**

Pier filed a petition for federal habeas corpus relief, dated August 30, 2024, asserting the

following claims:

---

[12] *Id*. at 86-88, Application for Post-Conviction Relief, 4/29/24 (dated 4/25/24); *id.*, at 96-102, Brief in Support,
4/29/24.

[13] *Id*. at 179-82, State's Response, 6/13/24.

[14] *Id*. at 183, Trial Court Order, 6/18/22.

(1)     he was denied due process because the search warrant affidavit was filed in
a court and approved by a judge that had no jurisdiction to try the offense
and the affidavit contained misleading/false statements;

(2)     he was denied due process when agents conducted a search and seizure as a
result of the search warrant approved by a judge with no jurisdiction and
based on misleading/false statements;

(3)     he was denied due process when arrested by a police officer outside of their
jurisdictional boundary;

(4)     he was denied due process when the bill of information was filed into a
court without jurisdiction to try the offense;

(5)     he was denied due process when he was arrested by St. Tammany Parish
Sheriff's Officer in Tangipahoa Parish then brought back to and detained in
St. Tammany Parish for six months;

(6)     his Eighth Amendment rights were violated when he was given an excessive
bond of $16,500,000; and

(7)     ineffective assistance of counsel for counsel's failure to represent him in a
professional manner in failing to investigate and aid him in a competent
defense.[15]

Pier acknowledges in his petition that he did not exhaust state court review of application for post-conviction relief because he did not receive the response from the State in the state district court.[16]

On December 5, 2024, the State filed a response in opposition to Pier's petition asserting that the petition was not timely filed.[17]   Alternatively, the State avers that Pier failed to exhaust state court review of his claims and those claims are now in procedural default.[18] Finally, in the alternative, the State submits Pier's claims are non-cognizable and meritless.[19]

Pier replied to the State's opposition asserting that his untimeliness should be excused because he is entitled to equitable tolling for the period of time that he was diligently pursuing his rights by obtaining the evidence he would need for filing his post-conviction relief in the state

---

[15] ECF No. 1, ¶12, Ground One, at 6; *id*., Ground Two, at 9; *id*., Ground Three, at 11; *id*., Ground Four, at 13; *id*., Ground Five, at 21; *id*., Ground Six, at 22; *id*., Ground Seven, at 23.

[16] *Id*., ¶11(e), at 6, 7.

[17] ECF No. 15 at 2-4.

[18] *Id*. at 4-5.

[19] *Id*. at 6-8.

district court as well as federal court.[20] He further reiterates his failure to exhaust his claims was a result of the failure of the state district court to notify him that his application for post-conviction relief was denied.[21]

## IV.   LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.   The AEDPA went into effect on April 24, 1996,[22] and applies to habeas petitions filed after that date.[23]   For purposes of applying the AEDPA, Pier's federal petition is deemed filed on August 30, 2024.[24]

### A.    Preliminary Considerations

The two threshold questions in habeas review under AEDPA are (1) whether the petition is timely and (2) whether petitioner's claims were adjudicated on the merits in state court.   In other words, has the petitioner exhausted state court remedies and is the petitioner in "procedural default" on a claim.[25]   As indicated above, the State asserts, and Pier concedes, that his state court

---

[20] ECF No. 18 at 5-8.

[21] *Id*. at 8.

[22] The AEDPA was signed into law on that date and did not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.   *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

[23] *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

[24] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.   Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.   *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (mailbox rule applies to determine if AEDPA applies even if filing fee is paid later); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Given that there is no stamp indicating when prison officials received the pleadings, the earliest possible date officials could have received the pleadings from Pier were the date he signed them on August, 30, 2024. ECF No. 1 at 20.

[25] *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

review claims were not exhausted.  While this is true, the State also asserts that Pier's federal

habeas petition was not timely filed under the AEDPA.  For the reasons that follow, the State's

limitations defense is supported by the record and provides grounds for dismissal of Pier's petition.

**B.      AEDPA Statute of Limitations**

Section 2244(d)(1) of the AEDPA establishes a one-year statute of limitations for the filing

of a federal habeas petition.   Under § 2254(d)(1)(A), a petition must ordinarily be filed within one

year of the date the conviction became final under federal law.[26]   The one-year limitations period

does not run from completion of state post-conviction review, but instead runs from the finality of

the petitioner's conviction.[27]   Pier's conviction was final on Thursday, December 15, 2022, when

he did not seek reconsideration of the sentence or state court appellate review.[28]

Applying § 2244(d)(1)(A) literally, Pier had until December 15, 2023, to file his federal

habeas corpus petition.  He did not file his federal habeas corpus petition within this one-year

period.  Accordingly, his petition must be dismissed as untimely, unless the one-year statute of

---

[26] 28 U.S.C. § 2244(d)(1)(A); *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).   The statute also provides three other triggering events that do not apply here:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--

    A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[27] *Flanagan*, 154 F.3d at 199 n.1.

[28] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts*, 319 F.3d at 694).

limitations was interrupted or otherwise tolled under one of the following two recognized bases for tolling.

### 1. Statutory Tolling

The AEDPA provides for suspension of its one-year limitations period: "The time during which a *properly filed application for State post-conviction or other collateral review* with respect to the pertinent judgment or claim is pending *shall not be counted* toward any period of limitation under this subsection."[29]  The Supreme Court has described this provision as a tolling statute.[30]

The plain language of this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.[31]  Rather, as the United States Fifth Circuit and other federal courts have held, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.[32]

For a post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing

---

[29] 28 U.S.C. § 2244(d)(2) (emphasis added).

[30] *Duncan*, 533 U.S. at 175-78.

[31] *Flanagan*, 154 F.3d at 199 n.1.

[32] *Id.*; *Brisbane v. Beshears*, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (unpub.); *Gray v. Waters*, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).

requirements,'" such as timeliness and location of filing.[33]   The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed *pro se* by a prisoner.[34]   Applying this standard to the petitioner's state court pleadings delineated in the procedural history results in a finding that this matter is not timely.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"[35]   The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.[36]   A "pertinent judgment or claim" requires that the state court filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims being raised in the federal habeas corpus petition.[37]   A petitioner's efforts to obtain copies of documents and transcripts from the state courts do not constitute other collateral review for purposes of the AEDPA statutory tolling calculation.[38]

---

[33]  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); *Williams v. Cain*, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999)); *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000).

[34]  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

[35]  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for § 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

[36]  *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, No. 99-3364, 2001 WL 995164, at *5 (3d Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").

[37]  *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

[38]  *See Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, No. 01-0115, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather support and transcripts); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

As calculated above, Pier's conviction is deemed final under federal law on Thursday, December 15, 2022. The AEDPA limitations period began to run the next day, December 16, 2022, and continued to do so for one year without interruption through December 15, 2023, when it expired. During that period, Pier had no properly filed state post-conviction or other collateral review pending in any state court to interrupt the running of the AEDPA one-year filing period. Although Pier later filed for state post-conviction relief on April 29, 2024,[39] the application was filed after the AEDPA limitations period expired and thus does not afford him any tolling benefit nor does it revive the expired limitation period.[40]

### 2.  No Equitable Tolling Warranted

The United States Supreme Court has held that AEDPA's one-year statute of limitations period in § 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist that prevented timely filing.[41] Those who "sleep on their rights" are not entitled to equitable tolling.[42] Thus, equitable tolling is warranted only in situations during which a petitioner acted diligently, but otherwise was actively misled or prevented in some extraordinary way from asserting his rights.[43]

To excuse his untimely filing, Pier claims that from March 20, 2023, until February 5, 2024, he was legally fighting to obtain the evidence he needed to file his post-conviction and

---

[39] ECF No. 14-1 at 86.

[40] *See Madden v. Thaler*, 521 F. App'x 316, 320 (5th Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. Jul. 24, 2000) (citing *Williams v. Cain*, No. 00-536, 2000 WL 863132, at *2 (E.D. La. Jun. 27, 2000)), *aff'd*, 253 F.3d 702 (5th Cir. 2001).

[41] *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998).

[42] *Fisher*, 174 F.3d at 715 (quoting *Covey v. Ark R. Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[43] *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.

federal habeas relief, and therefore, should be entitled to equitable tolling for those 323 days.[44]  He

also states he should receive equitable tolling for an additional 80 days from June 19, 2024, until

September 6, 2024, for not being notified of the denial of his state post-conviction relief

application.[45]  As a result, Pier claims his petition is timely given that only 175 days of the AEDPA

one-year limitation period is not subject to equitable tolling from when his conviction became final

until the filing of his federal habeas petition.[46]

      Pier's assertion that he is entitled to equitable tolling due to his requests for documents is

not supported by law.   Courts have repeatedly held that efforts to obtain copies of documents

and transcripts do not constitute other collateral review for purposes of the AEDPA tolling

calculation.[47]  A delay in the receipt of a transcript of a proceeding at which Pier was present

does not merit equitable tolling.[48]

      Moreover, the fact that Pier did not obtain a copy of all requested documents until February

5, 2024, did not prevent him from timely seeking relief in either state or federal court.[49]  Upon

---

[44] ECF No. 18 at 6.

[45] *Id*. at 7.

[46] *Id*.

[47] *See Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000) (petitioner not entitled to equitable tolling while waiting seventeen months for transcripts before filing application) *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *2 (E.D. La. Jan. 16, 2002) (tolling was inappropriate where petitioner did not reoly on the plea transcript to support his application for federal habeas relief); *Jones v. Johnson*, No. 01-CV-0115, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather support and transcripts); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751–52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

[48] *Walker v. McCain*, No. 16-16170, 2017 WL 5197232, at *5 (E.D. La. Aug. 16, 2017) (citations omitted), *R.&R. adopted*, 2017 WL 5177928 (E.D. La. Nov. 8, 2017).

[49] *See Schaffer v. Day*, No. 21-2341, 2022 WL 2232492, at *2 (E.D. La. May 31, 2022) (noting that there is no requirement under Louisiana law to submit a transcript with a post-conviction application (citations omitted)), *adopted*, 2022 WL 2208863 (E.D. La. June 21, 2022), *appeal dismissed*, No. 22-30452, 2022 WL 18448118 (5th Cir. Sept. 6, 2022).

filing such an application "identif[ying] specific constitutional errors in the proceedings leading to his conviction and sentence," Pier would then have been entitled to a free copy of the transcript under state law simply by showing a "particularized need" for it, i.e., by demonstrating that the transcript was necessary to resolve his claims fairly.[50] Furthermore, while his state court post-conviction proceeding was pending, Pier could have timely filed a protective federal habeas corpus petition and requested that the federal proceeding be stayed while he pursued his state-court remedies.[51] Although Pier may have been unaware of these options, a prisoner's *pro se* status, lack of legal training, ignorance of the law and filing deadlines, and even reliance on inmate counsel do not constitute rare and exceptional circumstances warranting equitable tolling.[52]

Additionally, Pier's argument that he is entitled to equitable tolling due to the failure of the state district court to notify him that his application for post-conviction relief was denied is without merit. The state court denied Pier's post-conviction application on June 18, 2024.[53] Pier's conviction was deemed final under federal law on Thursday, December 15, 2022. The AEDPA limitations period began to run the next day, December 16, 2022, and continued to do so for one year without interruption through expiration on December 15, 2023. Regardless of when Pier received notice of the state court's June 18, 2024, denial of his April 29, 2024, state court post-

---

[50] *State ex rel. Bernard v. Criminal District Court Section "J*," 653 So. 2d 1174, 1175 (La. 1995).

[51] *See, e.g.*, *Pace*, 544 U.S. at 416–17; *Madden v. Thaler*, 521 F. App'x 316, 321 (5th Cir. 2013).

[52] *See, e.g.*, *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) ("[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling."); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Smallwood v. Cain*, No. 12-2812, 2013 WL 5757663, at *10 (E.D. La. Oct. 23, 2013) ("The fact that Smallwood is not educated in the law or is reliant upon assistance from inmate counsel on post-conviction does not warrant equitable tolling. In fact the United States Fifth Circuit has held that circumstances such as lack of legal assistance in preparing post-conviction pleadings, ignorance of the law, lack of knowledge of filing deadlines, and temporary denial of access to or inadequacy of research materials or a prison law library are not sufficient to warrant equitable tolling." (citations omitted)).

[53] ECF No. 14-1 at 183.

conviction application, Pier did not file his federal application for post-conviction relief until August 30, 2024, a total of 621 days since his conviction was deemed final and over 259 days after expiration of the one-year AEDPA limitations period expired. Therefore, any delay in receiving notice of the state court's denial of his application for post-conviction relief had no effect on Pier's timeliness in filing this federal habeas petition because the limitations period had long run.

<u>**CONCLUSION**</u>

The one-year AEDPA limitations period expired on December 15, 2023, long before Pier filed his federal petition on August 30, 2024.  Pier has not established any basis for statutory tolling of this one-year AEDPA limitation period.  Further, he has not asserted any reason that might constitute rare or exceptional circumstances necessary to equitably toll the one-year statute of limitations period, and I can find none. The record does not establish any circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case.[54]  Nor has Pier asserted or established any other recognized exception to the expiration of the AEDPA limitations period.[55]

---

[54] *See Holland v. Florida*, 560 U.S. 631, 651-54 (2010) (equitable tolling warranted when attorney was grossly negligent and failed to meet professional standards of care when he ignored client's requests to timely file a federal petition and failed for years to respond to client's letters or communicate with client); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling warranted for significant state-created delay when, for almost one year, state appeals court failed in its duty under Texas law to inform petitioner his state habeas petition was denied despite his persistent requests, and petitioner diligently pursued federal habeas relief); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling *not* justified during petitioner's 17-days in psychiatric ward where he was confined, medicated, separated from his glasses and rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did *not* justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court thrice extended deadline to file habeas corpus petition beyond expiration of the AEDPA grace period).

[55] The Supreme Court has recognized that a petitioner may meet a "gateway exception" to avoid an already expired limitations period if he submits new, reliable evidence of his actual innocence with his § 2254 application. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see also Schlup v. Delo*, 513 U.S. 298, 314-16 (1995).  "The Supreme Court has made clear that the term 'actual innocence' means factual, . . . [thus,] 'actual' innocence, as the

With no basis for tolling or any other recognized exception to the AEDPA limitation period, Pier's federal petition deemed filed on August 30, 2024, is *not* timely filed.   It must be dismissed with prejudice for that reason.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Matthew E. Pier's habeas corpus petition under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

Court stated in *McCleskey*, means that the person did not commit the crime." *Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) (footnotes omitted).   Fields has not asserted his actual innocence or presented any new, reliable evidence to meet the high burden set forth in *McQuiggin* to forgive the expiration of the AEDPA statute of limitations.

Fields also does not seek relief or exception from a state court imposed procedural bar for this federal court to apply the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012).   In *Martinez*, the Supreme Court held that a procedural bar imposed by state courts "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (quoting *Martinez*, 566 U.S. at 13).   The state courts did not bar review of his post-conviction claims and instead denied each on the merits.   Thus, the procedural hurdle here is not a state court imposed bar but a failure to meet the federal limitations deadline under the AEDPA.   The *Martinez* and *Trevino* decisions do *not* apply to excuse the untimely filing of a federal habeas petition.   *See Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation).   *Martinez* and *Trevino* also are *not* new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA.   *See In re Paredes*, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) ("the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012).   Thus, neither *Martinez* nor *Trevino* provide petitioner relief from his untimely federal filing.

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[56]

      New Orleans, Louisiana, this 5th day of June, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[56] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).